## FONTENOT et al. *v.* SOILEAU.

A husband, on whose property a legal mortgage existed in favor of his wife, having borrowed money from a third person to purchase lands from the government, after making the entry, and on the same day, executed a mortgage on the land in favor of the lender to secure the amount loaned, and, a few days after, registered the mortgage: *Held*, that the mortgage in favor of the lender was inferior to the wife's, which existed before it, and took effect on the land the instant it was purchased by the husband.

Where a sale is made for cash, and the price paid at the time, no vendor's privilege can exist.

Privileges are *stricti juris*. They exist only when expressly allowed. C. C. 3152.

APPEAL from the District Court of St. Landry, *Overton*, J. *W. B. Lewis*, for the appellants. *Swayze* and *Taylor*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. *Damacène Ortego*, wife of *Soileau*, had a legal mortgage on the property of her husband, dating back as far as the year 1833. The validity of this mortgage, the plaintiffs do not dispute; but they contend that they have a superior mortgage upon certain land which has been seized and sold, and the proceeds of which form the subject of the present controversy.

It appears that *Soileau*, the defendant's husband, purchased this land from the United States, in the year 1838. *Fontenot* and *Stagg* loaned him the money to make the purchase; and on the same day upon which the entry was made, and after making it, *Soileau* executed a mortgage upon the land in favor of the plaintiffs, to secure the payment of the amount loaned in one year, with interest, which mortgage was registered a few days afterwards. The plaintiffs contend that these circumstances give them a right of mortgage or privilege, superior to that of the defendant. So far as the plaintiffs rely upon a right of mortgage, it is obvious that it is inferior to the mortgage in favor of the defendant, which existed long before the mortgage to the plaintiffs was granted, and took effect upon the land the moment it was purchased by her husband.

But it is said that *Fontenot* and *Stagg* are entitled to the vendor's privilege. The privilege of a vendor would have existed in favor of the United States, had they sold on a credit; and in that case a subrogation of such right might have been made in favor of the plaintiffs by the vendor. But as the sale was for cash, and the price was paid down at the time of sale by *Soileau*, the vendor's privilege never existed. Privileges are matters *stricti juris*. They exist only in those cases which the lawgiver has expressly declared. C. C. 3152. The case before us is not protected by the Code, and however strongly its hardship may appeal to the conscience of the defendant, there is no authority in us to relieve the plaintiff.                    *Judgment affirmed.*